UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4191

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES E. FORTNER,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (CR-03-110)

Submitted:  August 30, 2004          Decided:  December 8, 2004

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David D. Perry, LAW OFFICE OF DAVID D. PERRY, Huntington, West Virginia, for Appellant.  Charles T. Miller, Acting United States Attorney, Stephanie L. Haines, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Charles Edward Fortner was convicted of aiding and abetting possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 2, 841(a)(1) (2000). On appeal, Fortner argues that his trial counsel did not provide effective assistance and therefore his conviction should be reversed. Finding no error, we affirm the judgment.

On September 21, 2000, Charles Fortner was driving a van on a route in West Virginia. Law enforcement officers were conducting surveillance and watching for the van. A law enforcement officer had received a tip from a confidential informant that a van would be taking a specified route and would be carrying drugs intended for distribution. According to the appellate briefs, the tip was provided by a confidential informant who was deceased at the time of trial. The court determined that the information relayed to the officers by the confidential informant could not be introduced at trial.

Officers picked up Fortner's van, followed it, and stopped it for the traffic violation of speeding, forty-five mph in a twenty-five mph zone. The officer confirmed that Fortner was the registered owner of the van. He had a passenger, Caldwell Skaggs, traveling with him. When the officers approached the van they detected a very strong air freshener smell. An officer testified that air freshener is a common masking agent used to disguise

strong smells. A canine unit was brought to the scene and alerted on the passenger-side sliding door of the vehicle. Fortner did not consent to a search of the vehicle, and a search warrant was obtained. A search of the vehicle revealed a loaded Derringer pistol within reach behind an access panel and seventy-four pounds of marijuana split between two bags in the rear of the vehicle. A small amount of cocaine was also found on the defendant at the time of his arrest.

A jury found Fortner guilty as charged, but found the passenger, Skaggs, not guilty of the same charges. Fortner obtained new counsel after trial and filed post-trial motions challenging his conviction on several bases, including ineffective assistance of counsel. The district court denied the motion and, in ruling on the ineffective assistance of counsel claim, stated that it was "clearly not the case" that counsel's representation fell below an objective standard of reasonableness, and that, even if counsel had taken all steps identified in the motion, the result would not have been different. Fortner was subsequently sentenced to a term of imprisonment of forty-one months, a three-year term of supervised release, a $500 fine, and a $100 special assessment fee.

Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. To allow for adequate development of a record, a defendant must bring his claim in a 28 U.S.C. § 2255 (2000) motion unless the record conclusively establishes

ineffective assistance. <u>United States v. Richardson</u>, 195 F.3d 192, 198 (4th Cir. 1999); <u>United States v. King</u>, 119 F.3d 290, 295 (4th Cir. 1997).

To prevail on a claim of ineffective assistance of counsel, Fortner must show both that counsel's performance was inadequate and that the deficient performance was prejudicial. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984). Under the first prong of <u>Strickland</u>, a movant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. <u>Id.</u> at 688. In evaluating counsel's performance, the court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. <u>Id.</u> at 689. Further, the reviewing court must evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors, rather than with the benefit of hindsight. <u>Id.</u> at 690.

Fortner argues that counsel failed to fully investigate the circumstances surrounding probable cause for the search warrant. In particular, Fortner points to the dismissal of the speeding ticket, that the confidential informant was deceased and therefore his indicia of reliability was untested, and the possibility of ascertaining scientific studies on the reliability of the police canine unit used in the search. Fortner also argues that it was ineffective assistance to fail to file a suppression

- 4 -

motion based on the Government's potential use of hearsay evidence under Fed. R. Evid. 804 in relation to proving the reliability of the deceased confidential informant.  Fortner concedes that this issue was raised and decided by the district court on the day of trial, but argues that the issue required additional preparation and attention and it was ineffective assistance for counsel to fail to address the issue earlier.  Finally, Fortner asserts that counsel failed to call any witnesses on his behalf and failed to cross-examine any of the four Government witnesses.

We find that Fortner has not proven that counsel's performance fell below an objective standard of reasonableness or that, but for counsel's performance, the result would have been different.  See Strickland, 466 U.S. at 687-88.  First, Fortner did not include full transcripts, or even complete excerpts, in the joint appendix to support his assertions.

From the evidence before us it is difficult to determine to what degree defense counsel challenged the validity of the information supporting the search warrant and traffic stop.  The district court docket sheet reflects that counsel did not file a pre-trial motion; however, the transcript selections and the appellate briefs indicate that, before trial, the district court held a hearing on the admissibility of evidence relating to the confidential informant.  It is also impossible to determine what, if any, action defense counsel took or should have taken, during

the trial because there are no relevant transcripts included in the joint appendix supporting Fortner's assertions.

Finally, it is unlikely that, even if counsel had challenged the stop and the admissibility of the evidence found in the van and cross-examined the Government witnesses, the result would have been different, nor was it error by the district court to not hold an evidentiary hearing on the matter. Fortner states that counsel should have called witnesses on his behalf, but does not identify the potential witnesses or indicate their relevance. The evidence found in the van pursuant to the search warrant based upon probable cause and that was introduced at trial is persuasive evidence that Fortner possessed marijuana with the intent to distribute it, and it is unlikely that the result would have been different if counsel had engaged in the defense of the case that Fortner suggested.

We therefore conclude that the record on appeal does not conclusively establish ineffective assistance of counsel and affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED